IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHIRLEY L. SCHEFFER,         ) | |
| ) | |
| Plaintiff,         ) | |
| ) | |
| v.         ) | CIVIL ACTION NO. 1:04cv903-C |
| ) | (WO) |
| JO ANNE B. BARNHART,         ) | |
| COMMISSIONER OF SOCIAL         ) | |
| SECURITY,         ) | |
| ) | |
| Defendant.         ) | |

**ORDER**

On October 20, 2005, plaintiff's counsel filed a "motion for approval of attorney fee (sic) under 42 U.S.C.A. § 406(b)[1]" seeking an award of attorney's fees in the amount of $2,686.25 from the plaintiff's past due benefits.  (Doc. # 24 at 2.).  Counsel also filed an application for attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.[2]  (*Id*. at 3).  The Commissioner does not object to an award of reasonable attorney's

---

[1] 42 U.S.C. 406(b) provides as follows:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

[2] 28 U.S.C. § 2412(d)(1)(B) reads in pertinent part as follows:

A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which

fees, but asserts "if the Court awards attorney (sic) fees under section 406(b), it order counsel to refund the smaller, or equal fee in this case, to Plaintiff." (Doc. # 26, at 2).

The plaintiff seeks payment of fees of $2,686.25. (Doc. # 24.) Specifically, she seeks payment for 15.25 hours at an hourly rate of $125.00 for attorney Quinn Brock ("Brock") and 13.00 hours for a paralegal at an hourly rate of $60.00.

First, it is not clear from counsel's application whether he is seeking an award of fees under 42 U.S.C. § 406(b) or under the EAJA, 28 U.S.C. § 2412. A review of the application for fees under 42 U.S.C. § 406(b) does not provide the court with sufficient information to determine whether an award under this statute is appropriate at this juncture.

Next, while the court may award reasonable attorney's fees to a prevailing plaintiff in a social security case pursuant to the EAJA, the award must be reasonable. *See* 28 U.S.C. § 2412(d)(2)(A). The court has an independent duty to determine whether an award of fees is reasonable. Implicit in that definition is a requirement that both the hourly rate and the number of hours expended be reasonable. *Allen*, 2000 WL 1023251, *2.

The defendant does not dispute that the plaintiff is a prevailing party for purposes of the motion for attorney's fees. A review of counsel's billed time raises several concerns that requires the plaintiff's response before the court will render a decision on the motion for attorney's fees. It appears that counsel has billed for work performed by a paralegal. Only

---

shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified.

when a paralegal performs work traditionally performed by an attorney is that time compensable.  *See Jones v. Armstrong Cork Co.*, 630 F.2d 324, 325-326 (5th Cir. 1950).[3] Counsel has not established that the employee was a paralegal and it appears that counsel has billed time for the following administrative and/or clerical tasks.

| 9/15/2004 | Mail forms to client to sign for case | 0.25 |
| --- | --- | --- |
| 9/22/2004 | Transcribe complaint | 1.0 |
| 9/22/2004 | Mail Complaint Documents Certified | 0.25 |
| 3/28/2005 | Transcribe and Electronically Submit Plaintiff's Brief | 4.0 |
| 6/15/2005 | Transcribe and Obtain Joint Signature for Judge's Order | 1.0 |
| 6/15/2005 | Electronic Submission of Joint Response to Judge's Order | 0.25 |
| 10/17/2005 | Prepare EAJA Fee Application & Transcribe Fee Petition | 1.0 |
| | Total | 7.75 hrs. |

The performance of clerical duties is considered an overhead expense for which counsel is compensated in his hourly rate. *Id*. *See also*, *Matter of Trinity Industries, Inc*. 876 F.2d 1485, 1495 (11th Cir. 1989) ("[P]rivate practitioners, whose overhead expenses must be, and ultimately are passed onto clients via a mark-up in hourly rates charged, typically can recoup such expenses as part of a fees award.")  Consequently, the court concludes that the plaintiff should show cause why the request for fees for various clerical tasks, including transcribing and mailing documents should not be denied as unreasonable as these services are traditionally considered part of counsel's overhead, and, thus, are not compensable.

---

[3]  *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

In addition, the court has the following concerns about the following billing entries.

|  | **Entry** | **Concern** | **Time** |
|---|---|---|---|
| 9/22/2004 | Prepare Summons & Cover Sheets | Excessive for preparing forms | 0.75 |
| 9/22/2004 | Prepare U.S. Marshall Forms | Unnecessary | 0.25 |
| 9/22/2004 | Dictate Complaint | Excessive for 1 page complaint | 0.75 |
| 9/22/2004 | Transcribe Complaint | Excessive for 1 page complaint | 1.0 |
| 12/27/2004 | Prepare and Send Consent Form | Excessive for preparing forms | 0.25 |
| 3/31/2005 | Review Judge's Order | Excessive for reading 3 page order | 0.25 |
| 4/20/2005 | Motion to file Amended Brief out of Time | Excessive for 3 paragraph motion | 0.50 |
| 6/13/2005<br>6/14/2005<br>6/15/2005<br>6/15/2005 | Research Prepare Affidavit<br>Dictation of Joint Response<br>Transcript of Joint Response<br>Electronic Submission of Joint Response to Judge's Order<br>Total | Excessive in light of all entries<br>Excessive for 3 page document<br>Excessive for document<br>Excessive | 1.0<br>1.0<br>1.0<br>0.25<br><br>3.25 |
| 7/1/2005<br>10/17/2005<br>10/17/2005<br>10/17/2005<br>10/17/2005 | Research EAJA Fee Application<br>Prepare EAJA Application<br>Complete EAJA Application<br>Review Completed Application<br>Dictate Completed Application<br>Total | Excessive in all of all entries | 0.50<br>1.0<br>1.0<br>1.25<br>0.50<br>4.25 |
|  |  | Total | 11.25 hrs. |

The court concludes that the plaintiff should show cause why the request for fees for these entries should not be denied or reduced as unreasonable in light of the formulaic nature of these tasks coupled with counsel's experience with social security cases.

Accordingly, it is

ORDERED as follows:

1. That on or before December 21, 2005, plaintiff's counsel shall inform the court

4

whether he is seeking an award of fees under 42 U.S.C. § 406(b), and if so, show cause why he is entitled to fees pursuant to this statute at this time.

  2. That on or before December 21, 2005, the plaintiff shall show cause why the request for fees for work performed by a paralegal should not denied as unreasonable as counsel has made no showing that the employee at issue was indeed a paralegal performing work traditionally performed by an attorney.

  3. That on or before December 21, 2005, the plaintiff shall show cause why the request for fees for various clerical tasks, including transcribing and mailing documents should not be denied as unreasonable as these services are traditionally considered part of counsel's overhead, and, thus, are not compensable.

  4. That on or before December 21, 2005, the plaintiff shall show cause why the request for fees for these entries should not be denied or reduced as unreasonable in light of the formulaic nature of these tasks coupled with counsel's experience with social security cases.

  Done this 9th day of December, 2005.

        /s/Charles S. Coody
        CHARLES S. COODY
        CHIEF UNITED STATES MAGISTRATE JUDGE