IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

SHIRLEY L. SCHEFFER,    )
            )
    Plaintiff,    )
            )
  v.         )  CIVIL ACTION NO. 1:04cv903-CSC
            )      (WO)
JO ANNE B. BARNHART,   )
COMMISSIONER OF SOCIAL  )
SECURITY,        )
            )
    Defendant.   )

**ORDER**

On October 20, 2005, plaintiff's counsel filed a "motion for approval of attorney fee

(sic) under 42 U.S.C.A. § 406(b)[1]" seeking an award of attorney's fees in the amount of

$2,686.25 from the plaintiff's past due benefits.  (Doc. # 24 at 2.).  Counsel also filed an

application  for attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C.

§ 2412.[2]  (*Id.* at 3).  The plaintiff seeks payment of fees of $2,686.25.  (Doc. # 24.)

---

[1]  42 U.S.C. 406(b) provides as follows:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was
represented before the court by an attorney, the court may determine and allow as part of its
judgment a reasonable fee for such representation, not in excess of 25 percent of the total
of the past-due benefits to which the claimant is entitled by reason of such judgment, and
the Commissioner of Social Security may, notwithstanding the provisions of section 405(i)
of this title, but subject to subsection (d) of this section, certify the amount of such fee for
payment to such attorney out of, and not in addition to, the amount of such past-due benefits.
In case of any such judgment, no other fee may be payable or certified for payment for such
representation except as provided in this paragraph.

[2]  28 U.S.C. § 2412(d)(1)(B) reads in pertinent part as follows:

A party seeking an award of fees and other expenses shall, within thirty days of final
judgment in the action, submit to the court an application for fees and other expenses which

Specifically, she seeks payment for 15.25 hours at an hourly rate of $125.00 for attorney Quinn Brock ("Brock") and 13.00 hours for a paralegal at an hourly rate of $60.00.

The defendant does not dispute that the plaintiff is a prevailing party for purposes of the motion for attorney's fees and does not object to an award of reasonable attorney's fees, but asserts "if the Court awards attorney (sic) fees under section 406(b), it order counsel to refund the smaller, or equal fee in this case, to Plaintiff."  (Doc. # 26, at 2).

Because the plaintiff's application for fees was unclear as to the basis for an award of fees, the court directed the plaintiff's counsel to provide further information.  In response to the court's directive, counsel acknowledges that he is seeking an award of fees pursuant to the EAJA, 28 U.S.C. § 2412.

While the court may award reasonable attorney's fees to a prevailing plaintiff in a social security case pursuant to the EAJA, the award must be reasonable.  *See* 28 U.S.C. § 2412(d)(2)(A).  The court has an independent duty to determine whether an award of fees is reasonable.  Implicit in that definition is a requirement that both the hourly rate and the number of hours expended be reasonable.  *Allen*, 2000 WL 1023251, *2.

First, counsel billed for work performed by a paralegal or non-attorney staff member. Only when a paralegal performs work traditionally performed by an attorney is that time

---

shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified.

compensable.  *See Jones v. Armstrong Cork Co*., 630 F.2d 324, 325-326 (5th Cir. 1950).[3]

Counsel concedes that time billed by his non-attorney staff should be stricken.[4]  Accordingly, the court reduces the hours submitted by 13 hours – time billed for work performed by non-attorney staff members.

With respect to the request for fees based on work performed by counsel, counsel asserts that the time billed was "the actual time figures spent for these entries." Consequently, the court concludes that the time submitted by counsel is reasonable and finds that counsel is awarded compensable 15.25 hours at a rate of $125.00 per hour.

Accordingly, for the reasons set forth and for good cause, it is

ORDERED that, pursuant to the EAJA, the petition for attorney's fees be and is hereby GRANTED in part and DENIED in part and the plaintiff be and is hereby AWARDED attorney's fees in the amount of $1906.25.

Done this 2nd day of February, 2006.


_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[3]  *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[4]  Because counsel concedes that all time billed for work not performed by a lawyer should be stricken, the court declines to parse the time between work performed by a paralegal and the performance of clerical tasks, including transcribing and mailing documents.